(No. 6420.   January 26, 1939.)

M. A. KELLEY and V. A. KELLEY, Copartners Doing Business Under the Firm Name and Style of KELLEY MOTOR COMPANY, Appellants, v. JOHN A. BAISCH, Jr., Respondent.

[87 Pac. (2d) 468.]

AILSHIE, C. J.—The opinion and decision of the court was filed and entered in this case on November 15, 1938. Thereafter a petition for rehearing was served and filed and a rehearing was granted. The case was again heard on January 5th.

The essential history of the case is covered by the statement in the original opinion.

The only issue to be determined and the one upon which the decision must turn is the meaning of the sixth paragraph of the contract between the parties. That paragraph provides just what the first parties (appellants) should receive as their compensation from the purchase and sale of the products (gasoline, oil, etc.) the second party (respondent as distributor) was handling and might thereafter handle. That paragraph provides:

"That the second parties agree to give the first parties the same margin of profit that they receive between the whole-

sale and retail prices of products as is received by them at their own gas stations.''

The first parties were to receive ''the same *margin of profit*'' that the second parties received ''between the wholesale and retail prices of products as is received by them at their own gas stations.'' Under this contract it became a question as to what sum the Baisches or their tenants received as a ''margin of profit . . . . between the wholesale and retail prices at their own gas stations.'' Nor was the fact, that appellants were not to pay any rental at the station *they* operated, of any consequence or significance in determining the ''margin of profit . . . . between the wholesale and retail prices'' which they were to receive.

There is no difficulty in determining the margin of profit between the wholesale and retail prices, so far as appellants are concerned. The evidence shows that appellants were billed directly by the company from which any shipment of gasoline, oil, or other produce was made, at the regular wholesale price; and they sold to the consumers at the regularly established retail price, which appears to have varied at different times and with different grades of products.

It appears that the gasoline and oil products handled by respondent through his other stations cost the same at wholesale prices as were charged to appellants and were sold at the same retail prices received by appellants.

We think it clear and generally understood that ''margin of profit'' on merchandise means the difference between the purchase price and the selling price. (Funk & Wagnall's New Stand. Dict., 1937; *Ford v. United States*, 281 Fed. 298, 303; Crabb's Eng. Synonyms, p. 125; Fernald, Eng. Synonyms.)

Having in mind these considerations, we cannot escape the plain terms of the contract, that the amount appellants were to receive under their contract was and is ''the margin of profit . . . . between the wholesale and retail prices,'' i. e., the difference between the purchase price and the selling

price. The judgment of the trial court was predicated on that basis and should accordingly be affirmed.

Judgment affirmed with costs to respondent.

Budge, J., concurs.

Morgan and Holden, JJ., dissent.

GIVENS, J.—While in the first instance concurring with Morgan, J., upon rehearing I have come to a different conclusion and now concur with Ailshie, C. J.

ON PETITION FOR REHEARING.

(February 25, 1939.)

AILSHIE, C. J.—After an opinion on rehearing was filed in this case appellants filed petition for rehearing, which we have given consideration. We find no reason for changing our views as heretofore expressed on rehearing. We do think, however, that there should be a modification of the judgment of the trial court, to the extent of $172.91, which sum should be added to the judgment for the principal sum of $542.86 as originally entered in the district court. This arises out of errors committed in the computation of the margin of profit realized by respondents during certain periods of time included in the controversy and for different grades of gasoline. After the petition for rehearing came in, we submitted that part of the petition, dealing with these discrepancies, to respective counsel and asked for their views and computation thereon, to which we have received reply from counsel for respondent, to the effect that the computation claimed by appellants' counsel is correct and that the additional sum of $172.91 should be allowed.

The judgment will therefore be modified in this respect and the cause is hereby remanded to the district court with direction to amend the judgment by adding thereto the sum of $172.91, making a total of $715.77, which said sum shall

bear interest as directed by the original judgment. Under these circumstances, we think the costs on appeal should be borne by respondents, and it is so ordered.

Budge and Givens, JJ., concur.

Morgan and Holden, JJ., adhere to the views formerly expressed by them and concur in the modification of the judgment herein ordered.